UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUAN ORTIZ, JR.,<br><br>    Defendant. | No. 5:22-CR-034-H-BQ-6 |

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND ORDER REFERRING THE ISSUE OF DETENTION TO THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court are the Notice Regarding Entry of a Plea of Guilty, the Consent of the Defendant, and the Report and Recommendation on Plea of Guilty Before United States Magistrate Judge. Dkt. Nos. 369; 372. As no objections to the Report and Recommendation have been filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1), the Court accepts and adopts the Report and Recommendation. Accordingly, the Court accepts the plea of guilty, and Juan Ortiz, Jr. is hereby adjudged guilty of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Sentence will be imposed in accordance with the Court's scheduling order. The Court now refers the issue of mandatory detention pending sentencing to the Honorable Magistrate Judge D. Gordon Bryant.

**1.     Background**

The Superseding Information charges a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine. Dkt. No. 330 at 1. On July 26, 2022, Ortiz pled guilty to the charge. Dkt. No. 371. Magistrate Judge Bryant recommended that the plea be accepted. Dkt. No. 372. Having accepted that

recommendation, Ortiz has now been adjudged guilty of Possession with Intent to Distribute Methamphetamine.

## 2. Legal Standard Governing Mandatory Detention

Title 18 United States Code, Section 3143(a)(2) mandates detention after a guilty plea if the offense of conviction is among those listed in 18 U.S.C. § 3142(f)(1)(A)–(C). Section 3142(f)(1)(C) requires detention for a defendant adjudged guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or chapter 705 of title 46.

The offense here, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), carries a term of imprisonment of up to 20 years' imprisonment and is an offense that subjects the defendant to mandatory detention under Section 3143(a)(2). *See United States v. Perez*, No. 3:18-CR-128-N (2), 2018 WL 6436439, at *1 (N.D. Tex. Dec. 7, 2018).

Section 3143(a)(2) details two exceptions to mandatory detention for defendants awaiting imposition or execution of a sentence. The defendant must be detained unless "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a). Additionally, a person otherwise "subject to detention under Section 3143(a)(2), and who meets the conditions of release set forth in Section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions,

by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

The Court thus refers this matter to Magistrate Judge Bryant to determine whether Section 3143(a)(2)'s or Section 3145(c)'s exceptions are satisfied.

**3.   Conclusion**

The issue of mandatory detention for this offense is referred to Magistrate Judge Bryant for resolution.

So ordered on August 10, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE